NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-189

COMMONWEALTH

vs.

ELIJAH K. FINCH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged in the Brockton District Court by criminal complaint with nine counts:  (1) operating under the influence of liquor, in violation of G. L. c. 90, § 24; (2) negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24; (3) operating with a suspended license, in violation of G. L. c. 90, § 23; (4) child endangerment while operating under the influence of liquor, in violation of G. L. c. 90, § 24V; (5) - (8) four counts of assault and battery on a police officer, in violation of G. L. c. 265, § 13D; and (9) resisting arrest, in violation of G. L. c. 268, § 32B.

On January 11, 2024, the defendant appeared for trial. Immediately before the lunch break, at around 12:42 P.M., he

tendered a guilty plea on count three (operating with a suspended license), counts five to eight (assault and battery on a police officer) and count nine (resisting arrest) (the plea counts).  Before the plea colloquy, the prosecutor stated that the defendant had elected to proceed to a bench trial on the remaining three counts.

A judge of the District Court (trial judge) conducted a plea colloquy and accepted the defendant's guilty pleas.  The clerk then announced the sentence:  on count three, ten days in the house of corrections, suspended for one year; on counts five to nine, one year in the house of corrections, suspended for one year.

The trial judge then immediately conducted a jury waiver colloquy.  After completing the colloquy and accepting the defendant's jury waiver at 12:54 P.M., the trial judge announced that the case would be called for trial at 2 P.M.  The defendant and his attorney then left the courtroom.

At 12:59 P.M., the prosecutor asked that the case be recalled and reported that the defendant had allegedly threatened one or more police witnesses outside the courtroom. The trial judge rejected the prosecutor's request that she take the defendant into custody, declined to take any other action, and again ordered the parties to appear for trial at 2 P.M.

2

After the lunch break, the trial judge conducted a bench trial on the remaining counts. She found the defendant guilty of count two, negligent operation of a motor vehicle, and not guilty of counts one and four, operating under the influence of liquor and child endangerment while operating under the influence of liquor, respectively.

The trial judge then immediately sentenced the defendant to one year of straight probation on count two, negligent operation of a motor vehicle, to run concurrently with the one-year term of probation she had imposed prior to lunch. The clerk then read the sentence and instructed the defendant to "wait for probation" so that they could "give [him] some paperwork." The judge announced the term of probation would be unsupervised and adjourned the case.

On February 15, 2024, the defendant was arraigned on witness intimidation charges based on his conduct during the lunch break on January 11, 2024,[1] and received notice of a probation violation surrender hearing alleging that his conduct during the lunch break had violated his terms of probation arising out of the suspended sentence imposed immediately before the lunch break. On July 30, 2024, a second judge (surrender

---

[1] The defendant ultimately pled guilty to the witness intimidation charges. Those convictions are not before us.

3

judge) held a probation violation hearing.  The surrender judge found the defendant in violation of the terms of his probation and imposed the balance of his suspended sentence -- one year in the house of correction.  The defendant timely appealed.

Discussion.  The defendant contends that because he had not yet received clear notice when his probation would begin at the time he committed the witness intimidation offenses, the revocation of his probation on the plea counts based on those new offenses violated his constitutional right to due process. We disagree.

"The principles of due process apply to probation revocation proceedings."  Commonwealth v. Ruiz, 453 Mass. 474, 478 (2009).  "In addition to unambiguous guidance about the conduct prohibited, probationers are entitled to clear guidance as to when their actions or omissions will constitute a violation of their probation" (quotation and citation omitted). Id. at 479.  This requirement is reflected in G. L. c. 276, § 85, which provides that "every person released upon probation shall be given by the probation officer a written statement of the terms and conditions of the release."

Here, the issue is whether the defendant had received adequate notice that his probation on the plea counts would begin immediately after he pled guilty.  Typically, trial courts

4

satisfy the statutory notice obligation in G. L. c. 276, § 85 by giving the defendant a written probation contract, which specifies the terms or conditions of probation. See, e.g., Ruiz, 453 Mass. at 476 and n.3. In this case, however, the record does not reflect that either the trial judge or the probation department provided the defendant with notice of the terms of his probation, including when his probation would begin, until after his bench trial.[2]

Here, the alleged violation of probation was a new criminal offense. "A defendant, like all members of society, is on notice that he may not violate the criminal law at any time. Thus, no additional or special notice is required." Ruiz, 453 Mass. at 484. Also, this defendant was knowledgeable about probation, having previously received a probationary sentence. Indeed, he had been found in violation of probation and had been committed to serve six months of incarceration, albeit more than twelve years before his guilty plea in this case. Therefore, it is reasonable to infer that when the defendant pled guilty to the plea counts and received a suspended sentence, he was aware that he would be placed on probation and that if he committed a

---

[2] As noted, following the bench trial, the clerk read the sentence and instructed the defendant to "wait for probation" so that they could "give [him] some paperwork."

5

new offense while on probation, it would be a basis to find him in violation of the terms of his probation and impose the suspended sentence.

We conclude that these two factors were sufficient to satisfy the constitutional requirement that the defendant receive notice that his probation would begin immediately after the trial judge accepted his guilty pleas on the plea counts, imposed a sentence of incarceration, and suspended it for a term of one year.

The defendant notes that "[w]here a defendant is sentenced to both incarceration and probation, probation typically begins on the defendant's release from incarceration." Ruiz, 453 Mass. at 480. Indeed, in Commonwealth v. Juzba, 44 Mass. App. Ct. 457, 459 n.3 (1998), we noted that placing a defendant on probation during the period of incarceration "is uncommon and is typically reserved for cases where it can be foreseen that the person will cause trouble while jailed, e.g., as a member of a prison gang." Thus, "[w]hile a judge is not barred from placing a defendant on probation during the period of his incarceration, there must be evidence that the judge in fact did so" (quotation and citation omitted). Ruiz, supra.

This case is distinguishable from Ruiz and Juzba because there was a clear break in the proceedings between the

defendant's guilty plea, for which he received a suspended sentence, and the trial of the charges for which he could have received a sentence of incarceration. Contrast Ruiz, 483 Mass. at 480-481; Juzba, 44 Mass. App. Ct. at 459-461. In these unusual circumstances, the defendant was fairly charged with knowledge that any new offenses would constitute a violation of probation immediately upon the imposition of the suspended sentence. Ruiz, supra at 484. To the extent that there might be any ambiguity about whether probationary terms begin before or after trial in these circumstances, such ambiguity does not apply to the commission of new offenses. Id. Finally, the fact that the defendant had previously been placed on probation and had been incarcerated because of a violation of the terms of his probation supports our conclusion that the defendant had adequate notice that a new offense would constitute a violation of probation.

Conclusion. The judge's order revoking the defendant's

probation and imposing a further term of incarceration is affirmed.

<u>So ordered</u>.

By the Court (Singh, Hershfang & Wood, JJ.[3]),

Clerk

Entered:  July 16, 2026.

---

[3] The panelists are listed in order of seniority.